[Civ. No. 2496.   Second Appellate District, Division One.—January 26, 1920.]

MARIE VERDIER, Respondent, v. V. J. STOLL, Appellant.

[1] SALES—EXPIRATION OF CONTRACT PERIOD FOR PAYMENT—SUBSEQUENT TAKING POSSESSION OF PROPERTY—LIABILITY FOR CONTRACT PRICE.—Where, after the expiration of the period within which he agreed to pay the balance of the purchase price, a purchaser takes possession of certain horses contracted to be sold and does not return them to the seller, he will be held to have taken the horses under the contract and subject to the obligation to pay the consideration therein named.

APPEAL from a judgment of the Superior Court of Kern County. Milton T. Farmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. J. Hudson for Appellant.

Alfred Siemon for Respondent.

CONREY, P. J.—Defendant appeals from the judgment and has also attempted to appeal from an order denying his motion for a new trial. There being no right of appeal from such an order, the appeal from the order denying the motion for a new trial is dismissed.

[1] By a contract in writing signed by one J. B. Estribou it was stipulated that he agreed to sell and did thereby sell to defendant certain horses described in the contract. Five dollars in cash was paid at the signing of the contract and the remaining $765 was to be paid within five days from

date of the contract. Estribou assigned the contract to one O. S. Dormitzer, who assigned to the plaintiff. Appellant claims that the contract as written was only an option and that therefore an action cannot be maintained against him for the contract price. But the evidence shows that defendant took possession of the horses, which never were returned to the plaintiff or to either of her assignors. Assuming, as claimed by appellant, that he did not take possession of the horses until the day following the expiration of the five days named in the contract, there is no escape from the conclusion that in accepting the property he took it under that contract and subject to the obligation to pay the consideration therein named. Counsel for appellant admits that if plaintiff proved the allegations of her amended complaint, the judgment was correct. He has failed to convince us that any of said allegations were not proved.

There appears to have been no reason for this appeal other than that it was made for delay. For that reason the judgment is affirmed, and it is further ordered that the plaintiff recover from the defendant the additional sum of fifty dollars damages.

Shaw, J., and James, J., concurred.